IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GEORGE W. BECKETT, #300-441,
Petitioner

v.

CIVIL ACTION NO. WDQ-10-2957

WARDEN,
Respondent

\*\*\*

GEORGE W. BECKETT, #300-441,
Petitioner

v.

CIVIL ACTION NO. WDQ-10-3413

WARDEN,
Respondent

\*\*\*

MEMORANDUM

Correspondence from George W. Beckett was construed as a Petition for Habeas Corpus relief under 18 U.S.C. § 2241. Beckett complained that his release date had not been properly calculated. He also alleged he had been denied a parole hearing. ECF No. 1. In a court-directed Supplemental Petition, Becket sought as relief "apprise my parole hearing, award credits for all my time that I've served on this sentence, and have my lower back examined by a back specialist, proper reclass."[1] ECF Nos. 7 & 10.

Respondent has argued that the Petition is moot because the Petitioner was mandatorily released from confinement on March 25, 2011. ECF No. 19, Ex. 11 & 12. The Petitioner has

---

[1] The Plaintiff was advised that claims about medical care and mail tampering should be asserted in a civil rights complaint and would not be considered in this case. He was provided forms for filing a civil rights case about those claims. ECF No. 8.

not replied.[2]

"'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). " 'The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *Id.* (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)). An actual controversy must exist at all times while the case is pending. *See Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). When developments during a case prevent the court from being able to grant the requested relief, the case must be dismissed. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968). "Whe[n] on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary juridical pronouncements on even constitutional issues obtained[.]" *See Lewis v. Continental Bank Corp*, 494 U.S. 472, 480 (1990).

"[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (citing *Broughton v. North Carolina*, 717 F. 2d 147, 149 (4th Cir. 1983). When a Petitioner "challenges only the administration of his sentence, not his conviction, there is no presumption that collateral consequences exist for the purposes of creating an actionable case or controversy once he has been released." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

---

[2] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on May 9, 2011, the Petitioner was notified that the Respondent had filed a dispositive motion, the granting of which could result in the dismissal of his action. ECF No.20. The Petitioner was informed that he was entitled to file an opposition to that motion within seventeen (17) days from the date of that letter, and his failure to file a timely or responsive pleading or to illustrate, by affidavit, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. *Id.* The Petitioner sought and was granted an extension of time, to July 26, 2011, to reply. ECF Nos. 21 & 22.

To the extent the Petitioner is seeking the restoration of diminution of confinement credits, a parole hearing, and reclassification, his release from confinement moots each of his claims. Should Petitioner be re-incarcerated he is free to file a new case about those claims.

Accordingly, the Petition shall be dismissed as moot.

_____10/12/11_____  
Date

_____  
William D. Quarles, Jr.  
United States District Judge